\*\*E-Filed 9/27/05\*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| XEROX CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>FAR WESTERN GRAPHICS, INC, et al.,<br><br>    Defendants. | Case Number C 03-4059-JF (PVT)<br><br>ORDER (1) GRANTING PLAINTIFF'S APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT AGAINST DEFENDANT FAR WESTERN GRAPHICS; AND (2) GRANTING PLAINTIFF'S APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT AGAINST DEFENDANT MOTEKAITIS<br><br>[Doc. Nos. 117, 119, 121, 122] |

On July 8, 2005, the Court granted the motion of Plaintiff Xerox Corporation ("Xerox") for partial summary judgment as to its sixth claim for relief against Defendant Far Western Graphics, Inc. ("FWG") for breach of a promissory note and its eighth claim for relief against Defendant David Motekaitis ("Motekaitis") for breach of a personal guaranty agreement on the note.  The Court granted partial summary judgment on these claims in the amount of $104,130.10 (the principal balance on the note) plus interest and attorneys' fees.  Xerox now seeks writs of attachment in this amount against both FWG and Motekaitis.  The Court has

considered the parties' briefing as well as the oral arguments presented at the hearing on September 23, 2005. For the reasons discussed below, the motions will be granted as to both defendants.

Rule 64 of the Federal Rules of Civil Procedure provides that:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by law of the state in which the district court is held, existing at the time the remedy is sought . . . The remedies thus available include . . . attachment . . .

The effect of Rule 64 is to incorporate state law to determine the availability of prejudgment remedies for seizure of property to secure satisfaction of a judgment ultimately entered." *Post-A-Traction, Inc. v. Kelley-Springfield Tire Co.*, 112 F.Supp.2d 1178, 1181 (C.D. Cal. 2000). The burden is on the moving party to establish grounds for an order of attachment. *Loeb and Loeb v. Beverly Glen Music, Inc.,* 166 Cal. App.3d 1110, 1116 (1985).

Under California law, a party may obtain a right to attach order if the following factors are met: (1) the claim upon which the attachment is based is one upon which an attachment may be issued; (2) the plaintiff has established the probable validity of the claim upon which the attachment is based; (3) the attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based; and (4) the amount to be secured by the attachment is greater than zero. Cal. Civ. P. Code § 484.090(a). The instant contract claims for money are claims upon which an attachment may be issued. *See* Cal. Civ. P. Code § 483.010(a) (providing that an attachment may be issued on a claim for money, based upon contract, where the total amount of the claim is fixed and ascertainable in an amount not less than $500). Xerox has established *actual* validity of the claims, because Xerox prevailed upon its motions for partial summary judgment as to its sixth and eighth claims. There is no indication that the attachments are being sought for any improper purpose. Finally, the amount to be secured is greater than zero.

Defendants suggested that the money claims upon which the attachment applications are based are not fixed and ascertainable, because Defendants may be entitled to a setoff for claims

2

Defendants are asserting against Xerox in this action.  The Court's Order of July 8, 2005, which granted partial summary judgment for Xerox on its sixth and eighth claims in the amount of $104,130.10 plus interest and attorneys' fees, stated expressly that claims under the note are not subject to setoff.  Defendants also suggest that it would be inappropriate for the Court to issue two attachment orders, each in the full amount of the outstanding principal on the note.  The Court is satisfied that Xerox is not seeking a double *recovery*, but rather is seeking to secure its ability to collect the outstanding balance of the note, and that two separate attachment orders are appropriate under the circumstances of this case.  Defendant Motekaitis suggests that some of his property may be exempt from attachment, but states that he cannot demonstrate what property may be exempt because *Xerox* has not identified the property to be attached with sufficient specificity.  Xerox properly has identified categories of property to be attached; this identification is sufficient to place Defendant Motekaitis on notice that Xerox is targeting all of his property that is subject to attachment.  *See Bank of America National Trust & Sav. Ass'n v. Salinas Nissan, Inc.*, 207 Cal.App.3d 260, 268 (1989).  Motekaitis thus has the burden to demonstrate exemption for any of his personal property, *see id.*, and he has not met this burden.

      Accordingly, Xerox's motions are GRANTED.  The Court has signed Xerox's proposed orders in conjunction with the instant order.

DATED:  9/27/05

/s/ electronic signature authorized
_____
JEREMY FOGEL
United States District Judge

1  This Order was served on the following persons:

2

3  Kathryn S. Diemer    kdiemer@diemerwhitman.com

4  Ross A. Spector     ross.spector@worldnet.att.net

5  Ross A. Spector     ross.spector@worldnet.att.net

6  Judith L. Whitman    jwhitman@diemerwhitman.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28