ROSS A. SPECTOR, ESQ. (SB #135949)　　　　**E-filed 12/8/05**
SPECTOR & BENNETT
A Professional Corporation
50 California Street, 15th Floor
San Francisco, California  94111
Telephone:  (415) 439-5390

Attorneys for Plaintiff and Counterdefendant
XEROX CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| XEROX CORPORATION, | Case:   C03 04059 JF (PVT) |
|---|---|
| Plaintiff, | **STIPULATION FOR DISMISSAL; ORDER** |
| vs. | |
| FAR WESTERN GRAPHICS, INC., | |
| Defendant. | |
| AND RELATED COUNTER ACTION | |

　　　The parties hereto hereby stipulate and agree as follows:

　　　1.　　This entire case is hereby dismissed with prejudice.  Notwithstanding the foregoing, however, the court shall retain jurisdiction in this matter with regard <u>only</u> to plaintiff XEROX CORPORATION'S ("Xerox") first amended complaint to the extent necessary to enter judgment against defendants FAR WESTERN GRAPHICS, INC. ("FWG") and DAVID PAUL MOTEKAITIS ("Motekaitis") (hereinafter collectively referred to as "F&M") in the event F&M fail to fulfill their obligations to Xerox as delineated herein.

**STIPULATION FOR DISMISSAL; ORDER**　　　　　　　　　　　　　　　　　　　　　　　　　　　1

2. In the event F&M fail to strictly comply with the provisions of paragraph 3 hereof, judgment shall be entered in favor of Xerox and against F&M in the sum of $550,000.00 (five hundred fifty thousand dollars), less all amounts that are indeed paid by F&M under this stipulation.  Notwithstanding the foregoing, while FWG is liable for any and all amounts due hereunder, Motekaitis' personal liability is limited to $166,000.00 (one hundred sixty six thousand dollars) of the amounts due and owing hereunder, whether it be $166,000.00 (one hundred sixty six thousand dollars) of the settlement amount, $166,000.00 (one hundred sixty six thousand dollars) of the default amount or $166,000.00 (one hundred sixty six thousand dollars) of any other amount that my be due hereunder.

3. Judgment shall not be entered so long as F&M strictly comply with the following payment schedule:

(a) F&M shall pay to Xerox the sum of $400,000.00 (four hundred thousand dollars) no later than December 28, 2005.

<u>Said $400,000.00 payment shall be made payable to "Spector & Bennett Trust Account"</u> and forwarded to Xerox's attorneys of record, Spector & Bennett, A Professional Corporation, located at 50 California Street, 15th Floor, San Francisco, California 94111.  Said tender shall be made by <u>cashier's check</u> only.  A tender by any other means shall be deemed hereunder as the equivalent of no tender at all, enabling Xerox to enter judgment as provided for herein.  F&M may, however, at their option, submit the payment by wire transfer to Spector & Bennett's attorney-client trust account (under separate cover Xerox shall provide F&M with Spector & Bennett's attorney-client trust account wire information forthwith).  **Notwithstanding anything contained herein to the contrary, to the extent there is a default in payment hereunder, the sum of $550,000.00 (five hundred fifty thousand dollars) less any amounts paid to Xerox**

**STIPULATION FOR DISMISSAL; ORDER** 2

**hreunder, shall immediately become due and payable.**  Xerox does not waive its right to declare F&M in default by accepting payments subsequent to an earlier default by F&M.

(b)  F&M agree to surrender possession of the following equipment (the "Equipment to be Returned) to Xerox no later than December 28, 2005:

| EQUIPMENT | SERIAL NO. |
|---|---|
| Xerox Docutech 6180 printer (and related components, including, but not limited to, the Ultra IIC Controller | 8VE-050141 |
| THIS   SPACE   LEFT   INTENTIONALLY | BLANK |

F&M and Xerox agree to reasonably work together to arrange for a mutually agreeable time no later than December 28, 2005 for Xerox to retrieve the Equipment to be Returned at F&M's Sunnyvale, California facility.  F&M hereby waive in favor of Xerox any right, title or interest which they may maintain to the Equipment to be Returned.

4. A declaration by Xerox's counsel to the effect that a payment was not received as provided for herein shall constitute prima facie evidence of default and shall be deemed sufficient evidence and cause for the court to enter judgment forthwith.  Counsel for F&M, DIEMER, WHITMAN & CARDOSI, LLP, shall be served with any application for entry of judgment.

5. Xerox does not waive its right to declare this stipulation in default by accepting payments subsequent to an earlier default by F&M.

//

//

//

//

6. To the extent F&M fail to surrender the Equipment to be Returned to Xerox on or before December 28, 2005 by reason of F&M failing to make the Equipment to be Returned available for Xerox to retrieve, judgment shall be entered in favor of Xerox for the sum of $550,000.00 (five hundred fifty thousand dollars), less any amounts paid to Xerox under this stipulation, and for possession of the Equipment to be Returned.

DATED: December 1, 2005

    SPECTOR & BENNETT
    A Professional Corporation

    /s/
    _____
    Ross A. Spector, Esq.
    Attorneys for Plaintiff
    XEROX CORPORATION

DATED: December 1, 2005

    DIEMER, WHITMAN & CARDOSI, LLP

    /s/
    _____
    Judith L. Whitman, Esq.
    Attorneys for Defendants
    FAR WESTERN GRAPHICS, INC.
    and DAVID PAUL MOTEKAITIS

**IT IS SO ORDERED.**

DATED:  12/8/05

    /s/electronic signature authorized
    _____
    Hon. Jeremy Fogel
    United States District Judge